***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Decision and Order of the Deputy Commissioner, with some modifications, and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On August 5, 2007, Plaintiff initiated this civil action by filing his Tort Claims Affidavit with the North Carolina Industrial Commission. *Page 2 
2. Plaintiff's Affidavit and testimony alleges that an employee of the North Carolina Department of Corrections (hereinafter "NCDOC") was negligent in failing to exercise proper caution during the operation of an NCDOC vehicle. Plaintiff further alleges that this negligent action resulted in Plaintiff suffering injuries from a vehicular accident. At the time of the vehicular accident, Plaintiff was on work duty with the Department of Correction.
3. On September 8, 2009, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that the Workers' Compensation Act provides the exclusive remedy for Plaintiff's injury sustained while he was working.
 ***********
Based upon the foregoing Findings of Fact the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. "[T]he exclusive source of remedy for a prisoner injured while working is through the Workers' Compensation Act."Richardson v. N.C. Dep't of Correction,345 N.C. 128, 137, 478 S.E.2d 501, 507 (1996). So long as a plaintiff has sustained accidental injury "arising out of and in the course of the employment" to which the inmate was assigned, such injury is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-13(c); see also Roman v. SouthlandTransp. Co.,350 N.C. 549, 551-52, 515 S.E.2d 214, 216 (1999) (citation omitted). *Page 3 
3. Because Plaintiff's alleged injuries clearly arose out of and in the course of his assigned work duty, he is barred from recovery under the Tort Claims Act. See Richardson,345 N.C. at 137, 478 S.E.2d at 507. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this action in forma pauperis.
This the 16th day of August, 2010.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________ STACI T. MEYER COMMISSIONER
S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1